IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF TEXAS

EL PASO DIVISION

| | | |
|---|---|---|
| MARIA CARRILLO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 3:22-cv-00320 |
| | ) | |
| WALMART, INC. d/b/a | ) | |
| SUPERCENTER #1015, | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT WALMART, INC.'S NOTICE OF REMOVAL

WALMART, INC. d/b/a SUPERSTORE #1015 ("Defendant") respectfully submits this Notice of Removal for the purpose of removing the above-entitled action from County Court at Law No. 3 in El Paso County, Texas to the United States District Court for the Western District of Texas.  As grounds for this Notice of Removal, Defendant states as follows:

### I. PROCEDURAL HISTORY

1.     Plaintiff commenced this action in County Court at Law No. 3 in El Paso County, Texas, Cause No. 2022DCV2338, by filing her Original Petition ("Petition") on August 9, 2022. Copies of all pleadings filed in that action are attached as Exhibit A.

2.     Plaintiff served her Original Petition on Defendant on August 19, 2022 [Exhibit "A"].

3.     As Defendant more fully states below, removal of this matter is proper under 28 U.S.C. § 1332 based on diversity jurisdiction.

## II.  DIVERSITY JURISDICTION

4.        Pursuant to 28 U.S.C. § 1332(a), this Court has original jurisdiction over actions between citizens of different states where the amount in controversy, exclusive of interest and costs, exceeds $75,000.

5.        Plaintiff is a resident, and therefore, a citizen of El Paso County, Texas.

6.        Defendant is a Delaware corporation with its principal place of business in Arkansas.   Therefore, Wal-Mart, Inc. is a citizen of the states of Arkansas and Delaware. Accordingly, there is complete diversity of citizenship between Plaintiff and Defendant.   28 U.S.C. §§ 1332, 1441.

7.        Plaintiff is claiming damages for reasonable medical care and expenses in the past and future, nursing services in the past and future, attention in the past and future, and other expenses in the past and future. Plaintiff seeks monetary relief of more than $1,000,000. Plaintiff's claim for damages, therefore, exceeds $75,000, exclusive of interest and costs.

8.        Because Plaintiff is a citizen of Texas and Defendant is a citizen of Delaware and Arkansas, this Court has original jurisdiction over this action pursuant to the provisions of 28 U.S.C. § 1332(a)(1).

## III.  OTHER REMOVAL MATTERS

9.        Defendant reserves the right to amend or supplement this Notice of Removal.

10.       There have been no pleadings served upon Defendant other than the Plaintiff's Original Petition.

11.       This Notice of Removal is filed within 30 days of service upon Defendant of the Petition in compliance with 28 U.S.C. § 1446(b).

12.     Pursuant to 28 U.S.C. § 1446(d), Defendant shall give Plaintiff written notice of the filing of this Notice of Removal and shall file a written notice of this Notice of Removal with the Clerk of the District Court of El Paso County Texas, County Court at Law No. 3, attaching a file-stamped copy of this Notice of Removal.

13.     Pursuant to 28 U.S.C. §§ 1332 and 1446, this action is removable to the United States District Court for the Western District of Texas.

14.     WHEREFORE, Defendant gives notice that *Maria Carrillo v. WalMart, Inc. d/b/a Supercenter #1015*, Cause No. 2022DCV2338, in County Court at Law No. 3 of El Paso County Texas is removed to the United States District Court for the Western District of Texas.

Respectfully submitted,

**BLANCO ORDOÑEZ MATA & WECHSLER, P.C.**
5715 Cromo Drive
El Paso, Texas 79912
(915) 845-5800
(915) 845-5555 (Facsimile)

By: _____

**STEVEN J. BLANCO**
State Bar No. 00796217
sblanco@bomwlaw.com
**ROBERT M. ESTRADA**
State Bar No. 24071886
restrada@bomwlaw.com

Attorneys for Defendant WALMART, INC.

## CERTIFICATE OF SERVICE

    I certify that a true and correct copy of the foregoing document was served upon all counsel of record utilizing the Court's electronic filing system on this the _12_ day of September, 2022.

_____

**STEVEN J. BLANCO**

# EXHIBIT A

 **Wolters Kluwer**

**CT Corporation**
**Service of Process Notification**
08/19/2022
CT Log Number 542151904

## Service of Process Transmittal Summary

**TO:**   KIM LUNDY- EMAIL
Walmart Inc.
GLOBAL GOVERNANCE/CENTRAL INTAKE, 2914 SE I STREET MS#0200
BENTONVILLE, AR 72712-3148

**RE:**   **Process Served in Texas**

**FOR:**   WALMART INC.  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: CARRILLO MARIA // To: WALMART INC. |
| **DOCUMENT(S) SERVED:** | Citation, Return, Attachment(s), Original Petition, Exhibit(s), Certificate |
| **COURT/AGENCY:** | El Paso County Court at Law Number 3, TX<br>Case # 2022DCV2338 |
| **NATURE OF ACTION:** | Personal Injury - Slip/Trip and Fall - 11/14/2020, Store #1015, at 7555 North Mesa Street, El Paso, Texas 79912 |
| **PROCESS SERVED ON:** | C T Corporation System, Dallas, TX |
| **DATE/METHOD OF SERVICE:** | By Process Server on 08/19/2022 at 11:32 |
| **JURISDICTION SERVED:** | Texas |
| **APPEARANCE OR ANSWER DUE:** | At or before 10:00 a.m. on the Monday next after the expiration of 20 days after the date of service hereof |
| **ATTORNEY(S)/SENDER(S):** | Daniela Labinoti<br>Law Firm of Daniela Labinoti, P.C.<br>707 Myrtle Avenue<br>El Paso, TX 79901<br>915-581-4600 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 08/19/2022, Expected Purge Date: 08/24/2022<br><br>Image SOP |
| **REGISTERED AGENT CONTACT:** | C T Corporation System<br>1999 Bryan Street<br>Suite 900<br>Dallas, TX 75201<br>877-564-7529<br>MajorAccountTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT



**CT Corporation**
**Service of Process Notification**
08/19/2022
CT Log Number 542151904

disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



## PROCESS SERVER DELIVERY DETAILS

**Date:**                                    Fri, Aug 19, 2022
**Server Name:**                             scott hickman

| Entity Served | WALMART INC. |
|---------------|--------------|
| Case Number | 2022dcv2338 |
| Jurisdiction | TX |

| Inserts | | |
|---------|---|---|
| | | |



JOB# 190567                                                    8x8/19/22

# THE STATE OF TEXAS

NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org."

TO:  **WALMART, INC. d/b/a WALMART SUPERCENTER #1015**, who may be served with process by serving its registered agent CT CORPORATION SYSTEM, at 1999 Bryan ST, STE # 900, El Paso, TX 75201

Greetings:

You are hereby commanded to appear by filing a written answer to the Plaintiff's Original Petition at or before ten o'clock A.M. of the Monday next after the expiration of twenty days after the date of service of this citation before the Honorable **County Court at Law Number 3**, El Paso County, Texas, at the Court House of said County in El Paso, Texas.

Said Plaintiff's Petition was filed in said court on 08/09/2022, by Attorney at Law DANIELA LABINOTI, 707 MYRTLE AVENUE, EL PASO, TX 79901 in this case numbered 2022DCV2338 on the docket of said court, and styled:

MARIA CARRILLO
VS.
WALMART, INC. d/b/a WALMART SUPERCENTER #1015

The nature of Plaintiff's demand is fully shown by a true and correct copy of the Plaintiff's Original Petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at El Paso, Texas, this on this the 16th day of August, 2022

Attest: NORMA FAVELA BARCELEAU, District Clerk, El Paso County, Texas.

CLERK OF THE COURT
**NORMA FAVELA BARCELEAU**
District Clerk
Enrique Moreno County Courthouse
500 E. San Antonio Ave, RM 103
El Paso Texas, 79901

ATTACH RETURN RECEIPTS
WITH ADDRESSEE'S SIGNATURE
Rule 106 (a) (2) the citation shall be served by mailing to the defendant by Certified Mail Return receipt requested, a true copy of the citation. Sec. 17.027 Rules of Civil Practice and Remedies Code if not prepared by Clerk of Court.

\*NAME OF PREPARER                    TITLE

ADDRESS

CITY                STATE            ZIP

By _____ K. Henry _____ , Deputy
Kia-Dre Henry

CERTIFICATE OF DELIVERY BY MAIL

I hereby certify that on the _____ day of

_____, 2022, at _____ I mailed to

_____

_____

defendant(s) by registered mail or certified mail with delivery restricted to addressee only, return receipt requested, a true copy of this citation with a copy of the Original Petition attached thereto.

_____

_____
TITLE

**RETURN OF SERVICE**

Delivery was completed on _____, delivered to_____

_____ as evidence by Domestic Return Receipt PS Form 3811

attached hereto.

    The described documents were not delivered to the named recipient. The certified mail envelope was returned

undelivered marked _____.

    This forwarding address was provided:_____


                      El Paso County, Texas

By:_____
                     Deputy District Clerk

                          OR

           _____
                  Name of Authorized Person

By:_____


**VERIFICATION BY AUTHORIZED PERSON**

State of Texas

County of El Paso

    Before me, a notary public, on this day personally appeared _____, known to me to be the person

whose name is subscribed to the foregoing Return of Service, and being by me first duly sworn, declared, "I am

disinterested party qualified to make an oath of that fact and statements contained in the Return of Service and true and

correct."

           Subscribed and sworn to be on this _____ day

           of _____, _____.


           _____

           Notary Public, State of _____

           My commission expires:_____





# Franchise Tax Account Status

As of : 08/03/2022 09:50:53

**This page is valid for most business transactions but is not sufficient for filings with the Secretary of State**

| | |
|---|---|
| | **WALMART INC.** |
| Texas Taxpayer Number | 17104151885 |
| Mailing Address | 702 SW 8TH ST # 555 BENTONVILLE, AR 72716-6299 |
| ❓ Right to Transact Business in Texas | ACTIVE |
| State of Formation | DE |
| Effective SOS Registration Date | 10/29/1974 |
| Texas SOS File Number | 0003668006 |
| Registered Agent Name | C T CORPORATION SYSTEM |
| Registered Office Street Address | 1999 BRYAN ST., STE. 900 DALLAS, TX 75201 |

El Paso County - County Court at Law 3

Filed 8/9/2022 10:08 AM
Norma Favela Barceleau
District Clerk
El Paso County
2022DCV2338



MARIA CARRILLO,                           §
                                          §
    Plaintiff,                        §
                                          §
vs.                                       §    Cause No.: 2022-DCV-___
                                          §
WALMART, INC. d/b/a WALMART               §
SUPERCENTER #1015,                        §
                                          §
    Defendant,                        §
                                          §

## PLAINTIFF'S ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

    COMES NOW MARIA CARRILLO (hereinafter referred to as "Plaintiff"), complaining of WALMART, INC. d/b/a WALMART SUPERCENTER #1015 (hereinafter referred to as "Defendant WALMART"), and for a cause of action would respectfully show the Court as follows:

### I.
### DISCOVERY CONTROL PLAN

    Pursuant to Rule 190, discovery in this case will be conducted in Level 3.

### II.
### PARTIES AND SERVICE

    Plaintiff MARIA CARRILLO is a resident of El Paso County, Texas.

    Defendant WALMART, INC. d/b/a WALMART SUPERCENTER #1015 is a foreign for-profit corporation doing business in El Paso County, Texas and may be served with process by serving its registered agent, CT CORPORATION SYSTEM, or any other authorized officer or agent therein at 1999 Bryan Street, Suite #900, Dallas, Texas 75201, and/or wherever they may be doing.

*Maria Carrillo vs. Walmart, Inc. d/b/a Walmart Supercenter #1015*
Plaintiff's Original Petition

Page 1 of 18

### III.
### VENUE AND JURISDICTION

The subject matter in controversy is within the jurisdictional limits of this Court. The Court has jurisdiction over this matter in that Plaintiff is a Texas resident and Defendant WALMART, INC. d/b/a WALMART SUPERCENTER #1015 does business in the State of Texas. Venue in El Paso County, Texas is proper in this cause under Section §15.002(a) of the Texas Civil Practice and Remedies Code because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in the county.

### IV.
### FACTUAL BACKGROUND

The injuries and damages suffered by Plaintiff MARIA CARRILLO and made the basis of this action arose out of an incident which occurred on or about November 14, 2020, in El Paso County, Texas, specifically at Defendant WALMART, INC. d/b/a WALMART SUPERCENTER #1015's store located at 7555 North Mesa Street, El Paso, Texas 79912. This store is owned, run, and operated by Defendant. As such, Plaintiff invokes the doctrine of *respondeat superior* and/or vicarious liability. At the time in question, Plaintiff was an invitee at the subject retail store.

On November 14, 2020, Plaintiff was an invitee at this particular location and her husband had been shopping for groceries and necessities for their home. Plaintiff CARRILLO had been in the grocery part of the store and was near the refrigerated deli meat section. As Plaintiff CARRILLO was walking to the refrigerated displays for an item she needed, she slipped on a large puddle of water that had accumulated on the floor, causing Plaintiff to fall hard onto the floor.

Plaintiff CARRILLO was not expecting the fall and fell to the floor in a very hard manner, causing Plaintiff to sustain injuries to her body.

At such time, Plaintiff was an invitee to whom Defendant owed a duty to use reasonable care, including the duty to protect and safeguard Plaintiff from unreasonably dangerous conditions on the premises and/or to warn of their existence.

The store in question is under the sole control of Defendant. Employees of Defendant are responsible for providing a safe place for customers. Defendant has a duty to keep their premise safe for invitees such as the Plaintiff. Defendant failed in this duty.

Defendant is vicariously liable for all acts/or omissions of negligence committed by their store managers, and any and all employees, officers, or agents of Defendant, which were the proximate cause of all damages suffered by Plaintiff.

As a result of the occurrence, Plaintiff sustained substantial injuries and damages.

## V.
## PLAINTIFF'S CLAIMS OF PREMISE LIABILITY AGAINST DEFENDANT WALMART INC. d/b/a WALMART SUPERCENTER #1015

Plaintiff would show that her injuries and damages were caused by the negligence of Defendant WALMART INC. d/b/a WALMART SUPERCENTER #1015. Plaintiff would show that said Defendant WALMART owed her a duty of reasonable care, and Defendant's breach of such duty was a proximate cause of Plaintiff's injuries and damages. Defendant was negligent by breaching this duty to the Plaintiff in one or more of the following alternative theories of negligence:

1. Failure to maintain the property to prevent a danger to invitees such as the Plaintiff.
2. Failure to properly inspect the property and eliminate the dangerous condition on the premise.
3. Failure to warn invitees of the potentially dangerous conditions.
4. Failure to implement safety precautions to prevent injuries to invitees.
5. Failure to assure that all employees complied with and followed all safety precautions to prevent injuries to invitees.
6. Failure to correct the dangerous conditions that existed on the premises for the time in question.

*Maria Carrillo vs. Walmart, Inc. d/b/a Walmart Supercenter #1015*
Plaintiff's Original Petition

Page 3 of 18

7. Ignoring the safety of the customers and invitees and acting with reckless disregard to the rights of the customers and invitees by failing to properly inspect/maintain the property to prevent having obstructions or dangerous conditions on the floor.

8. Negligent training and supervision by management and Defendants on the proper and safe procedures for handling maintenance issues on the premises, including but not limited to placing signs, warning customers, and/or closing the area so customers and/or invitees cannot walk by.

9. Failure to put warning signs out for customers and invitees warning them of the dangerous condition.

10. Other negligence.

Each of which acts and/or omissions referenced above was other than what a reasonable and prudent person would have been doing under the same or similar circumstances and was a proximate cause of Plaintiff's injuries and damages.

It is foreseeable that failing to properly inspect and/or maintain the premises to discover and resolve the dangerous conditions, could cause harm to customers, and invites including the Plaintiff; nevertheless, Defendant WALMART INC. d/b/a WALMART SUPERCENTER #1015's employees ignored the risk and acted with reckless disregard to the safety of the public.

## VI.
## PLAINTIFF'S CLAIM OF VICARIOUS LIABILITY AGAINST DEFENDANTS WALMART INC. d/b/a WALMART SUPERCENTER #1015

Alternatively, and without waiving the foregoing, Plaintiff would show that Defendant WALMART INC. d/b/a WALMART SUPERCENTER #1015 is liable for the damages and injuries which were caused by the negligence and other wrongful conduct of its employees, agents, managers, officers, and/or representatives. Defendant WALMART is liable for the acts and/or omissions of their employees, agents, managers, officers, and/or representatives. In addition, Defendant WALMART owed a duty of care to Plaintiff because of Defendant's right of control, which arose through the course of dealing. Defendant WALMART is liable under the *respondeat superior;* master/servant, principal/agent.

*Maria Carrillo vs. Walmart, Inc. d/b/a Walmart Supercenter #1015*
Plaintiff's Original Petition

Page 4 of 18

## VII.
## PLAINTIFF'S DAMAGES

As a direct result of the occurrence, Plaintiff suffered bodily injuries. As a further result of the occurrence, Plaintiff has incurred expenses for medical care, nursing services, attention, and other expenses. These expenses incurred were necessary for the care and treatment of the injuries sustained by Plaintiff and the charges made and to be made were the usual and customary charges for such services. Plaintiff will require further medical care, nursing services, and attention, and will necessarily incur reasonable expenses in the future for such medical needs.

Plaintiff has suffered extreme pain and suffering in the past and Plaintiff will continue to suffer pain and suffering in the future. Plaintiff has suffered mental anguish in the past and will continue to suffer mental anguish in the future. As a result of the occurrence, **Plaintiff has suffered within the jurisdictional limits of this Court and requests monetary relief of over $1,000,000.00.**

## VIII.
## RELIEF REQUESTED

Pursuant to Tex. R. Civ. P. 47(c), Plaintiff is required to plead the maximum amount of damages sought, however, some damages are unliquidated and cannot be easily calculated in monetary terms. In addition, discovery has not yet begun and the extend of Plaintiff's future damages is still being determined. At the early stage of the proceedings, Plaintiff requests that the jury be fair and reasonable in its determination of damages in an amount of relief **of over $1,000,000.00.**

*Maria Carrillo vs. Walmart, Inc. d/b/a Walmart Supercenter #1015*
Plaintiff's Original Petition

Page **5** of **18**

## IX.
## JURY DEMAND

Plaintiff respectfully requests a trial by jury of the issues of this case.

## X.

Plaintiff hereby notifies Defendants that Plaintiff intends to use Defendants' discovery

answers and responses, including any evidence produced in responses to such discovery, as

evidence in trial in accordance with such right and privileges established by Tex. R. Civ. P. 193.7.

## XI.
## REQUEST FOR INITIAL DISCLOSURES TO DEFENDANT
## DUTY TO DISCLOSE WITHIN 30 DAYS OF THE ANSWER.

**PLEASE BE ADVISED THAT UNDER TEXAS RULE 194, YOU MUST PRODUCE AND PROVIDE THE REQUIRED DISCLOSURES WITHIN 30 DAYS OF ANSWER:**

(a) **Time for Initial Disclosures.** A party must make the initial disclosures within 30 days after the filing of the first answer or general appearance unless a different time is set by the parties' agreement or court order. A party that is first served or otherwise joined after the filing of the first answer or general appearance must make the initial disclosures within 30 days after being served or joined.

(b) **Content.** Without awaiting a discovery request, Aa party may request disclosure of any or all of the following must provide to the other parties:

(1) the correct names of the parties to the lawsuit.
(2) the name, address, and telephone number of any potential parties.
(3) the legal theories and, in general, the factual bases of the responding party's claims or defenses (the responding party need not marshal all evidence that may be offered at trial).
(4) the amount and any method of calculating economic damages.
(5) the name, address, and telephone number of persons having knowledge of relevant facts, and a brief statement of each identified person's connection with the case.
(6) a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the responding party has in its possession, custody, or control, and may use to support its claims or defenses, unless the use would be solely for impeachment.
(7) any indemnity and insuring agreements described in Rule 192.3(f).
(8) any settlement agreements described in Rule 192.3(g).
(9) any witness statements described in Rule 192.3(h).

*Maria Carrillo vs. Walmart, Inc. d/b/a Walmart Supercenter #1015*
Plaintiff's Original Petition

Page 6 of 18

(10) in a suit alleging physical or mental injury and damages from the occurrence that is the subject of the case, all medical records and bills that are reasonably related to the injuries or damages asserted or, in lieu thereof, an authorization permitting the disclosure of such medical records and bills.

(11) in a suit alleging physical or mental injury and damages from the occurrence that is the subject of the case, all medical records and bills obtained by the responding party by virtue of an authorization furnished by the requesting party; and

(12) the name, address, and telephone number of any person who may be designated as a responsible third party.

**194.3 Testifying Expert Disclosures.**

In addition to the disclosures required by Rule 194.2, a party must disclose to the other parties testifying expert information as provided by Rule 195.

**Disclosures. Without awaiting a discovery request, a party must provide the following for any testifying expert:**

(1) the expert's name, address, and telephone number.

(2) the subject matter on which the expert will testify.

(3) the general substance of the expert's mental impressions and opinions and a brief summary of the basis for them, or if the expert is not retained by, employed by, or otherwise subject to the control of the responding party, documents reflecting such information.

(4) if the expert is retained by, employed by, or otherwise subject to the control of the responding party.

# XII.
## REQUEST FOR INTERROGATORIES AND PRIVILEGE LOG TO DEFENDANT

Please take notice that pursuant to Rules 192 and 197 of the Texas Rules of Civil Procedure, Plaintiff serves the attached interrogatories to, marked hereto as Exhibit "A" to be propounded upon Defendant WALMART, INC. d/b/a WALMART SUPERCENTER #1015. The attached interrogatories are incorporated by reference as if set forth fully at length. Defendant is hereby instructed to answer the following interrogatories separately, fully, in writing under oath as required by Rule 197.2(d) of the Texas Rules of Civil Procedure. **It is understood and acknowledged that although the discovery requests are incorporated herein, these requests will not be considered "served" until 30 days after Defendant receives Plaintiff's Initial**

*Maria Carrillo vs. Walmart, Inc. d/b/a Walmart Supercenter #1015*
Plaintiff's Original Petition

Page 7 of 18

**Disclosures.** Further, demand is made for supplementation of you answers to the interrogatories as required by the Texas Rules of Civil Procedure. **PRIVILEGE LOG-** Pursuant to Texas Rules of Civil Procedure 193.3(b), Plaintiff requests that Defendant identify the information and material withheld. Demand is hereby made that the identity of the information and material withheld be done **30 days after Defendant receives Plaintiff's Initial Disclosures.**

## XIII.
## REQUEST FOR PRODUCTION AND PRIVILEGE LOG TO DEFENDANT

Please take notice that pursuant to Rule 196 of the Texas Rules of Civil Procedure, Defendants are requested to produce and/or permit the undersigned attorney to inspect, copy and reproduce the items hereinafter marked hereto as Exhibit "A-1" to be propounded upon Defendant WALMART, INC. d/b/a WALMART SUPERCENTER #1015. The attached requests for production are incorporated by reference as if set forth fully at length. **It is understood and acknowledged that although the discovery requests are incorporated herein, these requests will not be considered "served" until 30 days after Defendant receives Plaintiff's Initial Disclosures.** Further, demand is made for supplementation of your Responses to the Request for Production as required to the Texas Rules of Civil Procedure. **PRIVILEGE LOG-** Pursuant to Texas Rules of Civil Procedure 193.3(b), Plaintiff requests that Defendants identify the information and material withheld. Demand is hereby made that the identity of the information and material withheld be done **30 days after Defendant receives Plaintiff's Initial Disclosures.**

## XIV.
## CONCLUSION AND PRAYER

**WHEREFORE PREMISES CONSIDERED,** Plaintiff prays that Defendant be cited to appear and answer, and that on final trial, Plaintiff have judgment against Defendant for all relief

requested, for costs, pre-judgment, and post judgment interest and for such other relief, general and special, at law or in equity, to which Plaintiff is entitled to relief **of over $1,000,000.00.**

Respectfully submitted,

**LAW FIRM OF DANIELA LABINOTI, P.C.**
707 Myrtle Avenue
El Paso, Texas 79901
(915) 581-4600- Voice
(915) 581-4605- Fax
Daniela@LabinotiLaw.com

*/s/ Daniela Labinoti*
**DANIELA LABINOTI**
Texas State Bar Number: 24050900

*Maria Carrillo vs. Walmart, Inc. d/b/a Walmart Supercenter #1015*
Plaintiff's Original Petition

Page 9 of 18